

WILLIAM T. LAVELLE, ESQ.
*Attorney at Law*

# LAVELLE LAW
## —— & ASSOCIATES P.C. ——

*Also Admitted in California*
*Eastern District of New York*
*Southern District of New York*

57 East Main Street, Patchogue, New York 11772
(631) 475-0001  Fax (631) 447-7150
lavellelawassociates@gmail.com

**Sent via e-mail to fax to bwarren@grosspolowy.com**

December 6, 2018

Attn.: Brian Warren
Gross Polowy
1775 Wehrle Drive, Suite 100
Williamsville NY 14221

> Borrowers: Stephen C. Barone & Stephen Barone
> Property Address: 25 Locust Drive, Nesconset, NY 11767
> Loan #: 0097724173

Dear Mr. Warren:

For many months now, I have been supervising my legal secretary's attempts to provide Freedom Mortgage (herein after "Freedom") with documents that it has requested needed to consider my clients for a loan modification, so I am keenly aware of the history and all of the continual never ending requests for documents.

Throughout this entire time I have been patient, instructing my legal secretary to give "Freedom" whatever it asks for even though it has continually moved the goal posts, seemingly making the process as difficult as possible, thereby, wasting many months during which time my clients' arrears keep increasing, thus, diminishing the probability that "Freedom" will actually grant my clients a loan modification.

I am not going to rehash the entire history of this loan modification application process herein, however, suffice it to say it has been frustrating to say the least. It is seemingly impossible to satisfy "Freedom", and I am unsure if "Freedom's" actions are the result of purposeful delay or just mere incompetence.

I have in my possession a "missing document" letter from "Freedom" dated October 12, 2018, wherein, it seeks specific "missing documents", and on October 29, 2018, my legal secretary e-mailed you all of said specific missing documents. Subsequently, "Freedom" provided my office with a letter dated November 16, 2018, stating that the application is complete and that decision will be made in thirty (30) days.

However, yesterday, December 5, 2018, and today, December 6, 2018, you sent my legal secretary two (2) e-mails, and in the body of your e-mails you brought up several issues and I will respond to each as follows:

- as to your request for a divorce decree between Stephen C. Barone and Danielle Smith, please be advised that Mr. Barone and Ms. Smith were never married so I will not be able to provide "Freedom" with a divorce decree;

- you requested the production of bank statements for the month of November 2018, which weren't even available when "Freedom" confirmed in its aforesaid letter dated November 16, 2018, that the application was complete and that decision will be made in thirty (30) days;

- you requested the production of bank statements for the month of December 2018, which will not even be available until the end of December. I suspect based on the history of this application that when we provide "Freedom" with the December 2018 bank statements that it will then ask for the January 2019 bank statements while deeming other already provided documents "stale" or needing to be updated, which is a tact that "Freedom" has been employing for months;

- as to your request for updated paystubs, we have provided them to you on numerous occasions, and all of the pay stubs had already been provided when "Freedom" issued its letter dated November 16, 2018, stating that the application is complete and that decision will be made in thirty (30) days;

- as to your request for a letter of explanation relative to a pension and annuities that you state were listed in Stephen C. Barone and Danielle Smith's tax return in the amount of $9,041.00 --- this request is absurd when you consider the fact that "Freedom" has had both tax returns for many months and never once prior asked for a letter of explanation until today, in addition to the fact that the tax return speaks for itself; and

- as to your statement that "Freedom" has advised you that since Stephen C. Barone and Danielle Smith filed their taxes jointly, that "Freedom" requires Ms. Smith's signature on IRS form 4506-T. Please be advised that just prior to Stephen C. Barone and Danielle Smith's estrangement, Ms. Smith did indeed sign IRS form 4506-T, however, "Freedom" rejected same because it did not contain a phone number for Ms. Smith. Subsequently, Ms, Smith refused to execute a new IRS form 4506-T. However, inasmuch as Ms. Smith is neither the borrower nor the mortgagor, her refusal to sign a new IRS form

4506-T is of no consequence for the purpose of reviewing the borrowers for a loan modification; and

- as to your statement that "Freedom" has advised you that since Stephen C. Barone and Danielle Smith filed their taxes jointly that "Freedom" is requiring Ms. Smith's signature on the tax return. This tax return was electronically filed, and due to the aforementioned estrangement between herself and Stephen C. Barone Ms. Smith has refused to sign/date the tax return. However, inasmuch as Ms. Smith is neither the borrower nor the mortgagor, her refusal to sign the tax return would seem to be of no consequence for the purpose of reviewing the borrowers for a loan modification.

Additionally, the e-mail that you sent to my legal secretary yesterday, December 5, 2018, also contained another "missing document" letter from "Freedom" dated December 3, 2018, and I will respond to same as follows:

- as to "Freedom's" request seeking 2 months of the most recent bank statements, please be advised that all of the requested bank statements that were available at that time were provided prior to "Freedom's" letter dated November 16, 2018 stating that the application is complete and that a decision will be made in thirty (30) days;

- as to "Freedom's" request seeking the most recent signed federal income tax return, "Freedom" does not even clarify which tax return it is seeking as there are two (2) borrowers on this loan. That being said signed tax returns were provided multiple times, and once again, they were provided prior to "Freedom's letter dated November 16, 2018, stating that the application is complete and that a decision will be made in thirty (30) days;

- as to "Freedom's" request seeking property executed IRS form 4506-T, they were previously provided on at least two (2) occasions and provided prior to "Freedom's" letter dated November 16, 2018, stating that the application is complete and that a decision will be made in thirty (30) days. Additionally, my legal secretary advised you several times that Stephen C. Barone's mother of his child refuses to sign same;

- as to "Freedom's" request for a "hardship" letter, said letter was provided on more than one occasion and the last one was provided prior to "Freedom's" letter dated November 16, 2018, stating that the application is complete and that a decision will be made in thirty (30) days;

- as to "Freedom's" request seeking for updated paystubs, we have provided them numerous times, and they were in fact all provided at

the time that my office received "Freedom's" letter dated November 16, 2018, stating that the application is complete and that decision will be made in thirty (30) days; and

- as to "Freedom's" request for a letter of explanation relative to a pension and annuities that it states is listed in Stephen C. Barone and Danielle Smith's tax return in the amount of $9,041.00 --- this request is absurd when you consider the fact that "Freedom" has had his tax return for many months and never once asked for a letter of explanation until today;

*Frankly, my patience is nearing its end and as a result I have cc'd Magistrate Shields on this correspondence for the purpose of requesting a conference so that she can be apprised of the situation. I also have filed a formal complaint with the Consumer Financial Protection Bureau, who has jurisdiction over financial institutions such as "Freedom."*

In my opinion, "Freedom's" behavior throughout this entire process has been, at best, careless, disorderly and incompetent. At worst, "Freedom's" actions may constitute "bad faith", in that it they may be purposely designed to frustrate me and my clients' resolve to save the subject property from foreclosure.

Lastly, at this juncture, I believe that it is clear that this situation requires the involvement of an attorney from your office, so I would suggest that you provide this letter to one of your attorneys so that he/she may call me to discuss.

LAVELLE LAW & ASSOCIATES, P.C.

By: _____

WILLIAM T. LAVELLE

Cc: Magistrate Judge Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722