| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>                     Plaintiff,<br>  -against-<br><br>STEPHEN C. BARONE, STEPHEN BARONE, ZOHED JILALBHOY, and SAMINA JILALBHOY,<br><br>                     Defendants.<br>----------------------------------------------------------------X | For Online Publication Only<br><br>**MEMORANDUM AND ORDER**<br>18-CV-1839 (JMA) (AYS)<br><br>FILED<br>CLERK<br>2:14 pm, Jan 28, 2022<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**Joan M. Azrack, United States District Judge:**

Plaintiff Freedom Mortgage Corporation ("Plaintiff") commenced this action pursuant to the New York Real Property Actions and Proceeding Law ("RAPL"), N.Y. Real Prop. Acts. Law §§ 1301, *et seq*. (McKinney) against defendants Stephen C. Barone, Stephen Barone, Zohed Jilalbhoy, and Samina Jilalbhoy (together, "Defendants"). Plaintiff alleges that the Barones failed to make the required mortgage payments under the note and mortgage to which Plaintiff is the holder and assignee (the "Note" and the "Mortgage").

Plaintiff moves for summary judgment on its claims, and further seeks a judgment of foreclosure and sale pursuant to RPAPL Sections 1351 and 1354. Plaintiff asserts that it has established its *prima facie* entitlement to a judgment of foreclosure, and Defendants' affirmative defenses are "meritless," and argues it is entitled to damages under the Note and Mortgage, including attorney's fees and costs, as well as reformation of the legal description of the Mortgage. (ECF No. 25) (the "Motion"). Plaintiff's motion is unopposed.

1

This case was originally assigned to the Honorable Arthur D. Spatt. During a conference held on February 12, 2020, Judge Spatt granted this motion and indicated that he would issue a decision. After Judge Spatt's passing, the case was assigned to the undersigned on June 30, 2020. For the reasons set out below, the Court GRANTS Plaintiff's Motion.

## I. BACKGROUND

All relevant facts are taken from Plaintiff's Federal Rule of Civil Procedure (Fed. R. Civ. P.") 56.1 statement ("Pls. 56.1") and the Complaint ("Compl."). Plaintiff is a New Jersey corporation, and the holder of the Note and Mortgage at issue in this litigation. Pls. 56.1 ¶¶ 1-2. Defendants Stephen C. Barone and Stephen Barone are citizens of New York who, on November 17, 2016, obtained a mortgage loan from Contour Mortgage Corporation in the original principal amount of $325,397.00, memorialized in the Note and secured by the Mortgage on the same date, on the property at issue (the "Property"), which was recorded in the Suffolk County Clerk's Office on December 31, 2016. *Id.* ¶ 4. The Note and Mortgage were delivered to Plaintiff, and an assignment of the Mortgage executed. *Id.*

Stephen C. Barone and Stephen Barone defaulted under the terms and conditions of the Note and Mortgage when they failed to make the scheduled October 1, 2017 and subsequent payments. *Id.* ¶ 5. In compliance with RPAPL § 1304, Plaintiff sent a 90-day pre-foreclosure notice ("90 Day Notice") to both Stephen C. Barone and Stephen Barone at their last known addresses via First Class and Certified Mail on November 8, 2017, providing them with at least five housing

2

counseling agencies. *Id.* ¶ 6. On November 9, 2017, Plaintiff electronically filed notice with the Superintendent of Financial Services as required by RPAPL § 1306(2). *Id.* ¶ 7. Plaintiff mailed both Stephen C. Barone and Stephen Barone a notice of default on December 18, 2017. *Id.* ¶ 8. The loan remains in default. *Id.* ¶ 8.

Defendants Zohed Jilalbhoy and Samina Jilalbhoy are citizens of New York and each the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage. Compl. ¶¶ 5-6. The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. *Id.* ¶ 7. The Jilalbhoys have not filed an answer in this action and May 18, 2018, the Clerk docketed an entry of default against them.

All defendants were served with a copy of Plaintiff's motion for summary judgment and no opposition papers have been filed.

Plaintiff's first cause of action alleges that Stephen C. Barone and Stephen Barone failed to make payments in accordance with the terms of the Note and Mortgage, leaving a principal balance of $321,026.44 due and owing, at an interest rate of 3.875 percent accruing from September 1, 2017, along with late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. *Id.* ¶¶ 12-13. Plaintiff alleges that to protect the value of and Plaintiff's rights in the Property, it may need to pay taxes, assessments, water charges, insurance premiums, and other charges, and requests that such amount be

3

included in the total amount due. *Id.* ¶ 14. Plaintiff's second cause of action requests reformation of the Mortgage recorded on December 2016. *Id.* ¶¶ 17-20. Finally, Plaintiff's Complaint demands judgment accelerating the maturity of the debt and determining the amount due for Plaintiff, including the costs discussed *supra*, a referee be appointed to sell the Property at auction to the highest bidder, in accordance with RPAPL Article 13; the interest of the Defendants and all those claiming by or through them be foreclosed, and their title, right, claim, lien, interest, or equity of redemption to the property be forever extinguished; the Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance maintenance, and preservation of the Property, as well as similar charges and costs, allowances, expenses of sale, and reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with RPAPL Article 13; the Property be sold in its condition, subject to the facts an inspection or accurate survey of the Property would disclose; Plaintiff may purchase the property at the sale; a receiver be appointed for the Property, if requested by Plaintiff; a deficiency judgment against Stephen C. Barone and Stephen Barone for the amount remaining due after the distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, if requested by Plaintiff; that any other liens Plaintiff possesses against the Property not merge with the Mortgage being foreclosed and that Plaintiff be allowed to share in any surplus proceeds resulting from the sale; reformation, as requested in its second cause of action; and any additional relief. *See* Compl.

## II. LEGAL STANDARD

### A. <u>Summary Judgment Standard</u>

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating that "no genuine issue of material fact exists." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted).

"An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "When ruling on a summary judgment motion, [the court] must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc.*, 352 F.3d at 780.

If the moving party meets its burden, the burden then shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The standard of review is the same where, as here, the motion for summary judgment is unopposed. *Rolkiewicz v. City of New York*, 442 F. Supp. 3d 627, 637 (S.D.N.Y. 2020). When the adverse party does not respond to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the adverse party." *Id.*; *see also United States Liab. Ins. Co. v. P. Mahoney Contracting Corp.*, 1998 U.S. Dist. LEXIS 19858, at *3 (S.D.N.Y. December 21, 1998)

5

(even when summary judgment motion is unopposed, "judgment should not be granted in circumstances contrary to law"). In an unopposed motion for summary judgment, plaintiff's recitation of the facts is assumed to be true. *See Mason Tenders Dist. Council Welfare Fund v. Asturias, Inc.*, 2003 U.S. Dist. LEXIS 1003, at *3 (D.N.Y., January 23, 2003); *see also I.B.E.W. Local No. 910 Welfare, Annuity, and Pension Funds v. Dexelectrics, Inc.*, 98 F.Supp.2d 265, 270 (N.D.N.Y.2000). Pursuant to Local Rule 56.1(c), in a motion for summary judgment, "[a]ll material facts set forth in the statement [of material facts annexed to the motion] required to be served by the moving party will be deemed to be admitted unless controverted by the statement [included with the opposition to the motion] required to be served by the opposing party." However, a non-response is not a default. *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir.2014). Instead, "[b]efore summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Id.* "Even unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Vt. Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.")); *Charter Oak Fire Ins. Co. v. Fleet Bldg. Maint., Inc.*, 707 F. Supp. 2d 329, 333 (E.D.N.Y. 2009) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001))

6

("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . ."). "And, of course, the court must determine whether the legal theory of the motion is sound." *Jackson*, 766 F.3d at 194.

### B. DISCUSSION

#### A. Judgment of Foreclosure

Plaintiff argues that it is entitled to a judgment of foreclosure because it has established a prima facie case as a matter of law. Motion, 4-5. Under New York law, a plaintiff establishes a prima facie entitlement to summary judgment in a foreclosure action by producing the note, the mortgage, and proof of the defendant's default. *See Onewest Bank N.A. v. Louis*, No. 15-CV-597, 2016 WL 3552143, at *5 (S.D.N.Y. June 22, 2016), *adopted by* 2016 WL 4059214 (S.D.N.Y. July 28, 2016); *see also Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28–29 (2d Cir. 2017) (citing *Wells Fargo Bank, N.A. v. Walker*, 141 A.D.3d 986, 35 N.Y.S.3d 591, 592 (2016) ). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the [plaintiff] [m]ortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the [defendant] [m]ortgagor." *Onewest Bank N.A.*, 2016 WL 3552143, at *5 (internal quotation marks omitted).

Plaintiff has established its prima facie case by submitting copies of the Note and Mortgage, together with the Notices of Default, 90-Day Notices, and an Affidavit

7

from Erica D. Tracy, an "FCI Specialist III" with Plaintiff, and an Affidavit of Sheena Winn, a "Specialist" with Plaintiff, attesting to Defendant's failure to timely make payments due under the Loan. (See Tracy Aff. ¶¶ 9-13 and attachments; Winn Aff. ¶¶ 4-11 and attachments.)  Defendants did not oppose the instant Motion, let alone provide evidence creating a dispute of fact regarding either the authenticity or accuracy of Plaintiff's evidence.  Accordingly, Plaintiff is entitled to summary judgment on its claism. *See Onewest Bank N.A.*, 2016 WL 3552143, at *5–6 (noting that a defendant must make an evidentiary "showing sufficient to overcome [the plaintiff's] presumptive right to foreclosure" and that failure to file an opposition to a summary judgment motion means a party "cannot defeat summary judgment");

Additionally, Plaintiff has established that it is owed, under the Note and Mortgage, $340,890.96 with an unpaid principal balance of $321,026.44 as of June 1, 2018, and with contractual interest on the unpaid principal balance at the rate of 3.875% percent from June 1, 2018 through the date of judgment.  Furthermore, Plaintiff is also entitled to summary judgment on its claim for reformation of the description of the mortgaged premises.

Given Defendants' failure to oppose Plaintiff's motion for summary judgment, it is unnecessary to address any of the Barones' affirmative defenses.  *1st Bridge LLC v. William Lee Freeman Garden Apts. LLC*, No. 10-CV-3191, 2011 WL 2020568, at *1 (S.D.N.Y. May 23, 2011) ("Because the defendants have not opposed the plaintiff's motion, they have not met their burden of producing evidence of a question of fact regarding any defenses to foreclosure.")

8

In any event, in the interest of thoroughness, the Court will briefly address certain of Defendants' affirmative defenses raised in their Answer, specifically whether Plaintiff has standing to bring this action.

### B. Affirmative Defenses

Defendants' Answer raises fifteen affirmative defenses: (1) Plaintiff's Complaint fails to state a cause of action for which relief may be sought; (2) Plaintiff is not the lawful owner of the Note, and therefore does not possess the requisite standing to commence and maintain this action and is estopped from enforcing the Mortgage; (3) the assignment of the Mortgage to Plaintiff was executed subsequent to commencement of the action and therefore the assignment is insufficient to prove standing; (4) Plaintiff was not in physical possession of the original Note at the time this litigation was commenced, and therefore Plaintiff did not possess the requisite standing to commence this action; (5) Plaintiff failed to send Defendants a default notice prior to commencing this litigation; (6) Plaintiff failed to send Defendants a 90 Day Notice; (7) Plaintiff failed to comply with all conditions precedent as required pursuant to RPAPL § 1306, and therefore any and all 90 Day Notices were facially defective; (8) Plaintiff failed to comply with all conditions precedent pursuant to RPAPL § 1303, "Help for Homeowners," and therefore acceleration of the Note was improper; (9) Plaintiff failed to comply with the requirements of New York Banking Law § 6-m; (10) Plaintiff failed to comply with the requirements of New York Banking Law § 6-l; (11) Plaintiff's claim is barred by the Statute of Frauds; (12) Plaintiff's claim is barred by laches; (13) Plaintiff's claim is barred in whole or in part by the

9

statute of limitations and "time barred debt"; (14) Plaintiff's claim is barred and/or limited for violation of the state and/or federal Fair Debt Collection Act; and (15) Plaintiff's recovery should be barred in whole or in part as a result of Plaintiff's unclean hands, inequitable conduct, bad faith, unconscionability, misrepresentation, and/or estoppel. Answer ¶¶ 5–25. "[W]here the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the defendant." *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). Though the answer lists fifteen affirmative defenses, Defendants have not opposed Plaintiff's motion. As a result, they have not provided any facts in support of any defenses sufficient to warrant resolution by a jury. As "conclusory and unsupported defenses raised in a pleading fail to establish a material dispute of fact," *United States v. Milgram*, No. 14-CV-1735 (CBA)(CLP), 2015 WL 4247165, at *2 (E.D.N.Y. July 13, 2015), the affirmative defenses asserted in the answer are insufficient to preclude summary judgment, *see, e.g., RTC Mortg. Trust 1995-S/N1 v. Polmar Realty, Inc.*, No. 91-CV-6685 SAS, 1996 WL 689281, at *4 (S.D.N.Y. Nov. 27, 1996) ("As this motion for summary judgment is unopposed, the fourteen affirmative defenses asserted in the original action, without any additional supporting evidence, are legally insufficient to preclude the imposition of summary judgment. As the Second Circuit aptly stated[,] 'the mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the moving party.'" (quoting *Ansam Assocs. v. Cola Petroleum, Ltd.*,

10

760 F.2d 442, 446 (2d Cir. 1985))). Nevertheless, the Court will address Plaintiff's standing to bring this action, and concludes that Plaintiff does, in fact, have standing, as it was the owner of both the Note and Mortgage prior to commencing this litigation.

"Under New York law, 'a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (*per curiam*) (alteration omitted) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 19 N.Y.S.3d 543, 544 (2015) ); *see also OneWest Bank, N.A. v. Guerrero*, No. 14-CV-3754, 2018 WL 2727891, at *3 (S.D.N.Y. June 6, 2018) (same). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Melina*, 827 F.3d at 222 (quoting *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 890 N.Y.S.2d 578, 580 (2009)).

Here, Plaintiff was assigned the Note from Contour Mortgage Corporation. ECF No. 26, Vargas Aff., Ex. C. This written assignment is sufficient to establish Plaintiff's standing. *See Melina*, 827 F.3d at 223 (holding that the assignment under the Loan Sale Agreement between FDIC and OneWest "sufficed to give OneWest standing to foreclose"); *CIT Bank N.A. v. Elliott*, No. 15-CV-4395, 2018 WL 1701947, at *8–9 (E.D.N.Y. Mar. 31, 2018) (same); *see also Suraleb, Inc. v. Int'l Trade Club, Inc.*, 13 A.D.3d 612, 788 N.Y.S.2d 403, 404 (2004) ("No special form or language is

11

necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it." (internal quotation marks omitted)).

Moreover, Plaintiff submitted evidence that it was the holder of the indorsed Note at the commencement of this Action. The Allonge affixed to, and part of, the Note includes an indorsement from Contour Mortgage Corporation that the loan should be paid "to the order of Freedom Mortgage Corporation without recourse." Vargas Aff., Ex. C. Plaintiff's employee avers that Plaintiff had physical possession of the original indorsed note as of January 11, 2017 and maintained possession on March 27, 2018, when this Action commenced. Winn Aff. ¶ 4. Additionally, Plaintiff attached a copy of the indorsed Note to the Certificate of Merit filed with the Complaint. Vargas Aff., Ex. C. Therefore, Plaintiff was the holder of the Note at the time this Action commenced and has standing to foreclose on the Property. *See Melina*, 827 F.3d at 223 ("New York courts have repeatedly held that proof of physical possession—such as the affidavits of [the plaintiff's] corporate representative and counsel in this case—is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note.") (collecting cases); *Guerrero*, 2018 WL 2727891, at *4 (holding that affidavit from the plaintiff's assistant secretary attesting that the plaintiff "is the owner and holder of the . . . Note" and "had physical possession of the note, indorsed in blank" prior to commencement of the lawsuit was sufficient to confer standing); *U.S. Bank Nat. Ass'n v. Saravanan*, 146 A.D.3d 1010, 45 N.Y.S.3d 547, 548–49 (2017) ("[T]he plaintiff established its standing as the holder of the note by demonstrating that the note was in its possession prior to the commencement of the

12

action, as evidenced by its attachment of the indorsed note to the summons and complaint at the time the action was commenced."). This is true even if Plaintiff did not provide specific details regarding how it came into possession of the Note. *See Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d 355, 12 N.Y.S.3d 612, 34 N.E.3d 363, 366–667 (2015) (explaining that "[a]lthough the better practice would have been for [the plaintiff] to state how it came into possession of the note in its affidavit in order to clarify the situation completely," the plaintiff was not precluded from obtaining summary judgment by not having provided these details). Similarly, the assignment of the Mortgage to Plaintiff was executed on January 29, 2018, two months before Plaintiff commenced this action. Vargas Aff., Ex. C.

### C. CONCLUSION

For the reasons set forth herein, Defendants' motion for summary judgment is **GRANTED** in its entirety.

Dated:    Central Islip, New York         **SO ORDERED**
          January 28, 2022

                                            / s/ (JMA)
                                          JOAN M. AZRACK
                                          United States District Judge